In the Matter of the Estate of PIOTR KRASOWSKI, Deceased. ARTHUR LEVITT, as Comptroller of the State of New York, Appellant; EVA KRASOWSKI et al., Respondents.

Third Department, October 27, 1967.

*Louis J. Lefkowitz, Attorney-General (Brenda Soloff, Samuel A. Hirshowitz, Julius Greenfield* and *Amy Juviler* of counsel), for appellant.

*Wolf, Popper, Ross, Wolf & Jones (Paul L. Ross, Sanford M. Katz* and *Denny M. Stern* of counsel), for respondents.

GIBSON, P. J. The Comptroller of the State of New York appeals from an order of the Surrogate's Court of Columbia County which, upon application made pursuant to subdivision 1 of section 269-a of the former Surrogate's Court Act (now SCPA 2218, subd. 1), directed payment to Eva Krasowski, the

widow of the decedent, of the sum of $4,341.22, and to Marja Skoda, his daughter, the sum of $4,010.26, being the amounts of their respective legacies under the will of said decedent; and said sums being payable from moneys paid from said estate to the County Treasurer of Columbia County (and subsequently transferred by him to the Comptroller of the State of New York) pursuant to the requests of said legatees, then and now resident in Poland, and to a decree of judicial settlement dated July 18, 1947, and pursuant, also, to the provisions of said statute, which requires that " [w]here it shall appear that a legatee, distributee or beneficiary of a trust would not have the benefit or use or control of the money or other property due him * * * the decree may direct that such money or other property be paid into the surrogate's court for the benefit of such legatee, distributee, beneficiary of a trust or such person or persons who may thereafter appear to be entitled thereto." (Surrogate's Ct. Act, § 269-a, subd. 1.) Subdivision 1 further provides that the money or other property " shall be paid out only by the special order of the surrogate or pursuant to the judgment of a court of competent jurisdiction."

The section further provides, in subdivision 2 thereof, that in such a proceeding " where it is uncertain that an alien legatee, distributee or beneficiary of a trust, not residing within the United States or its territories, would have the benefit or use or control of the money or other property due him, the burden of proving that such alien legatee, distributee or beneficiary of a trust will receive the benefit or use or control of the money or other property due him shall be upon him or on the person or persons claiming from, through or under him."

The Surrogate's Court found "that the Petitioners have sustained the burden of showing they are the same persons named in the decree, and * * * that the Petitioners will receive the benefit, use and control of the money if it is sent to them in Poland."

The application was made by Stanislaw Kopa, the Chief of the Consular Division of the Embassy of the Polish People's Republic at Washington, as attorney in fact for the two legatees concerned, pursuant to power of attorney executed by them in Poland. The power appears to have been properly executed and acknowledged and was authenticated, as required by law, by, among others, the certificate of the vice-consul of the United States Embassy at Warsaw, Poland. We find no legal or factual basis for either of the several grounds upon which appellant attacks the validity and effectiveness of the power of attorney.

We turn then to the merits, examining the record made before

the Surrogate in the light of the principle that the purpose of the statutory provision for withholding payment of legacies in cases such as this " is to authorize the deposit of moneys or property in the Surrogate's Court in cases where transmission or payment to a beneficiary, legatee or other person resident in a foreign country might be circumvented by confiscation in whole or in part, and to authorize the impounding of the fund by the Surrogate to await the time when payment can be made to the beneficiary for his own benefit, use and control ". (*Matter of Geiger,* 7 N Y 2d 109, 111.) "Manifestly", the Court of Appeals had previously said, " section 269 [now § 269-a, subd. 1] was designed * * * to protect the legatee's property and to insure that she receives it." (*Matter of Braier,* 305 N. Y. 148, 158, app. dsmd. 346 U. S. 802.) Each case of this nature must, of course, be decided on its particular facts; but we find helpful and instructive the opinion of Surrogate Moss, written following his exhaustive personal investigation in Poland and stating his conclusions that " Polish nationals residing in Poland who receive estate funds from the United States, now will have the full use, benefit, control and enjoyment of such funds without limitation or reservation, without deduction for inheritance or other taxes, without unfavorable currency restrictions, and without restriction as to the use which the Polish nationals may wish to make of their bequests. They will also have the right to convert the bequest upon receipt thereof in Poland into Polish funds at their full American value." (*Matter of Tybus,* 28 Misc 2d 278, 282.)

In the case before us, the evidence that the Surrogate was entitled to, and obviously did accept, included proof that funds received by the Chief of the Consular Division acting as attorney in fact in cases such as this are transferred by a United States bank to the Bank Polska Kasa Opieki (colloquially, the PKO bank) in Poland. Notice of the money due is given by the PKO bank to the legatee, who may leave the fund to his credit in the bank, in United States dollars; or he may receive coupons which can be traded in 17 stores operated by the bank for goods imported from western Europe and the United States; or he may receive Polish funds at the rate of 72 zlotys per dollar, this comparing with the " normal exchange rate " of 24 zlotys to the dollar, the purpose of this preferential treatment being " to establish a median rate so that the Polish citizen would receive the value of what the American dollar would purchase in this country and with these zlotys he would be able to purchase at the higher rate the same material or same goods he would be able to purchase in this country ". There was con-

siderable additional testimony as to the free and unrestricted use and transfer of, and as to the descendibility of the funds and the coupons alike. The evidence in support of the application was uncontradicted. The Surrogate was warranted, upon the facts and circumstances demonstrated in this case, in finding that the legatees had sustained the burden of proof and had established their entitlement to payment of the funds, consisting, as it happens, of the legatees' shares in the modest estate created more than 21 years ago by the death of their husband and father; further prolonged delay threatening, quite obviously, their complete deprivation of any benefit.

The order should be affirmed, with costs in this court to respondents, payable from the estate.

HERLIHY, REYNOLDS, STALEY, JR., and GABRIELLI, JJ., concur.

Order affirmed, with one bill of costs in this court to respondents, payable from the estate.